Connie HAYEK, Plaintiff,

v.

BIG BROTHERS/BIG SISTERS OF AMERICA and Big Brothers/Big Sisters of Siouxland, et al., an affiliate of Big Brothers/Big Sisters of America, Defendants.

No. C–00–4148–MWB.

United States District Court, N.D. Iowa, Western Division.

Jan. 25, 2001.

Teresa O'Brien, Robert Sikma, Sioux City, IA, for Plaintiff.

Douglas Phillips, Klass, Stoik, Mugan, Villone, Phillips, Orzechowski, Clausen & La-Pierre, L.L.P., Sioux City, IA, for Big Brothers/Big Sisters of Siouxland.

Kelly Baier, Bradley & Riley, P.C., Cedar Rapids, IA, for Big Brothers/Big Sisters of America.

## MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DEFENDANT'S MOTION TO SET ASIDE DEFAULT

BENNETT, Chief Judge.

This matter comes before the court pursuant to plaintiff Connie Hayek's January 10, 2001, motion for entry of default judgment. This matter also comes before the court pursuant to defendant Big Brothers/Big Sisters of America's January 16, 2001, motion to set aside the default entered on January 12, 2001. The court had directed the Clerk of Court to enter the default of defendant Big Brothers/Big Sisters of America upon the record in this case, upon Hayek's motion, and set a hearing on Hayek's motion for entry of default judgment for January 23, 2001. At that hearing, plaintiff Connie Hayek was represented by Teresa O'Brien and Robert Sikma of Sioux City, Iowa. Defendant Big Brothers/Big Sisters of Siouxland was represented Douglas Phillips of Klass, Stoik, Mugan, Villone, Phillips, Orzechowski, Clausen & LaPierre, L.L.P., in Sioux City. Defendant Big Brothers/Big Sisters of America was represented by Kelly Baier of Bradley & Riley, P.C., in Cedar Rapids, Iowa.

▬ Rule 55 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

**Rule 55. Default**

(a) **Entry.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

(b) **Judgment.** Judgment by default may be entered as follows:

(1) **By the Clerk.** When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by compu-

tation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

(2) **By the Court.** In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

(c) **Setting Aside Default.** For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

FED.R.CIV.P. 55(a)–(c). Under Rule 55, "[w]hen a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *See Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783 (8th Cir.1998); *see also Hagen v. Sisseton–Wahpeton Community College,* 205 F.3d 1040, 1042 (8th Cir.2000) (citing *Johnson* for this requirement). "Entry of a default under Federal Rule of Civil Procedure 55(a) is not, as such, entry of a judgment; it merely permits the plaintiff to move for a default judgment un-

der Rule 55(b)(2), assuming that the default is not set aside under Rule 55(c)." *Inman v. American Home Furniture Placement, Inc.,* 120 F.3d 117, 118 n. 2 (8th Cir.1997). Moreover, " 'a default judgment cannot be entered until the amount of damages has been ascertained.' " *Hagen,* 205 F.3d at 1042 (quoting *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 97 (2d Cir.1993)). Thus, if the judgment sought is not for a sum certain, Rule 55(b)(2) provides that "the court may conduct such hearings or order such references as it deems necessary and proper" in order to "enable the court to enter judgment." FED. R.CIV.P. 55(b)(2). In short, as this court has explained, Rule 55 "requires two steps before entry of a default judgment: first, pursuant to *Fed.R.Civ.P.* 55(a), the party seeking a default judgment must have the clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend; second, pursuant to *Fed. R.Civ.P.* 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule." *Dahl v. Kanawha Inv. Holding Co.,* 161 F.R.D. 673, 683 (N.D.Iowa 1995).

In the order entered on January 12, 2001, the court concluded that Hayek had satisfied the requirements for the first step in the process, at least as to defendant Big Brothers/Big Sisters of America, and therefore directed the Clerk of Court to enter the default of Big Brothers/Big Sisters of America on the record. *See id.;* FED.R.CIV.P. 55(a); *see also* Order of January 12, 2001, at 4. The question now before the court is whether Hayek has also satisfied the requirements of the second step in the process, entry of default judgment pursuant to Rule 55(b), or whether Big Brothers/Big Sisters of America has instead satisfied the "good cause" requirement of Rule 55(c) to set aside the January 12, 2001, entry of default. *See Inman,* 120 F.3d at 118 n. 2 ("Entry of a default under Federal Rule of Civil Procedure 55(a) is not, as such, entry of a judgment; it merely permits the plaintiff to move for a default judgment under Rule 55(b)(2), assuming that the default is not set aside under Rule 55(c).").

Big Brothers/Big Sisters of America asserts that the entry of default should be set aside, because its counsel contacted counsel for Hayek on December 20, 2000, to determine when and if Hayek believed this defendant had been properly served, but did not receive a confirmation from Hayek's counsel that she believed Big Brothers/Big Sisters of America had been properly served on November 29, 2000, until January 9, 2001. Counsel for Big Brothers/Big Sisters of America asserts that he then began preparing responsive pleadings to Hayek's complaint, which counsel anticipated filing on January 16, 2001. However, the court's order for entry of default intervened on January 12, 2001, at which point, counsel for Big Brothers/Big Sisters of America redirected his efforts to a motion to set aside the entry of default. Big Brothers/Big Sisters of America contends that Hayek sought an entry of default even though she knew that Big Brothers/Big Sisters of America was represented by counsel, that this defendant's counsel was attempting to verify service and was preparing to defend the action, and that, on December 20, 2000, this defendant's counsel had specifically requested from Hayek additional time to move or plead in response to Hayek's complaint, in light of uncertainties about when, and if, service had been effected upon Big Brothers/Big Sisters of America. Big Brothers/Big Sisters of America also contends that it did not receive a copy of Hayek's Notice of Intent to Seek Default from Hayek, but instead received a copy of the Notice from counsel for Big Brothers/Big Sisters of Siouxland, again, even though Hayek's counsel knew who would be defending Big Brothers/Big Sisters of America. Moreover, Big Brothers/Big Sisters of America contends that it has a meritorious defense to Hayek's complaint—*inter alia*, that it was not Hayek's employer—and that Hayek cannot show any prejudice from setting aside the default when the tardiness of its response to Hayek's complaint has been short and was not accompanied by neglect of the complaint or other dilatory conduct.

Hayek, however, attempts to paint a quite different picture. She contends that her counsel responded immediately to inquiries from Big Brothers/Big Sisters of America's counsel regarding service by leaving a telephone message on December 20, 2000, which explained that Hayek had not yet received a return of service, but understood that her check for service had been cashed. Hayek agrees that she indicated in a letter dated December 21, 2000, that she would be willing to give Big Brothers/Big Sisters of America more time to respond to her complaint, but when that defendant still had not filed an answer or other responsive pleading by January 11, 2001, she was justified in seeking the entry of that defendant's default. She contends that Big Brothers/Big Sisters of America still has not answered her complaint or filed any other responsive pleading. She also contends that she has been prejudiced by Big Brothers/Big Sisters of America's dilatory response to her complaint, because she has been unable to propound discovery requests to that party, which would have been of use to her in responding to the summary judgment motion filed by the other defendant, Big Brothers/Big Sisters of Siouxland.

Rule 55(c) provides that, "[f]or good cause shown the court may set aside an entry of default." FED.R.CIV.P. 55(c). The Eighth Circuit Court of Appeals has explained,

> Rule 55(c) provides that the district court may set aside an entry of default "[f]or good cause shown," and may set aside a default judgment "in accordance with Rule 60(b)." Although the same factors are typically relevant in deciding whether to set aside entries of default and default judgments, "[m]ost decisions ... hold that relief from a default judgment requires a stronger showing of excuse than relief from a mere default order." *Connecticut Nat'l Mortgage Co. v. Brandstatter,* 897 F.2d 883, 885 (7th Cir.1990); *accord Shepard Claims Serv., Inc. v. William Darrah & Assocs.,* 796 F.2d 190, 193–94 (6th Cir.1986); *Meehan v. Snow,* 652 F.2d 274, 276–77 (2d Cir.1981). This is a sound distinction. There is a "judicial preference for adjudication on the merits," *Oberstar v. F.D.I.C.,* 987 F.2d 494, 504 (8th Cir.1993), and it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and

wishes to defend the case on the merits. Dayton Electric is entitled to the more lenient "good cause" standard in considering the denial of its motion to set aside.

Traditionally, in deciding issues of this kind, our court and others have looked at whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused. *See Hoover v. Valley West D M*, 823 F.2d 227, 230 (8th Cir.1987). The Supreme Court recently addressed this subject in *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Applying the more stringent standard in Rule 60(b)(1), the Court held: (i) "excusable neglect" includes "late filings caused by inadvertence, mistake or carelessness" (thereby resolving a conflict in the circuits by overruling decisions of this court requiring proof of circumstances beyond the moving party's control); and (ii) whether conduct is excusable is an equitable determination that "tak[es] account of all relevant circumstances surrounding the party's omission." 507 U.S. at 388, 395, 113 S.Ct. at 1494-95, 1498; *see Fink v. Union Central Life Ins. Co.*, 65 F.3d 722, 723-24 (8th Cir.1995). The Court specifically enumerated some factors, which we applied in *In re Jones Truck Lines, Inc.*, 63 F.3d 685, 687 (8th Cir.1995): "the danger of prejudice to the [plaintiff], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the [Rule 60(b)] movant, and whether the movant acted in good faith." 507 U.S. at 395, 113 S.Ct. at 1498. In addition, we believe the existence of a meritorious defense continues to be a relevant factor after *Pioneer*. Such a showing "underscore[s] the potential injustice of allowing the case to be disposed of by default," 10 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane at § 2697, thus triggering "the incessant command of a court's conscience that justice be done in light of all the facts.'" *Hoover*, 823 F.2d at 230, quoting *Rosebud Sioux Tribe v. A & P Steel, Inc.*, 733 F.2d 509, 515 (8th Cir.), *cert. denied*, 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984).

*Johnson*, 140 F.3d at 783-84 (footnote omitted).

■ Applying these standards here, the court finds, first, that Big Brothers/Big Sisters of America is also entitled to "the more lenient 'good cause' standard" here, in considering its motion to set aside, because only a default has been entered, not a default judgment. *Id.* at 784. Moreover, the promptness with which Big Brothers/Big Sisters of America has attacked the entry of default suggests that Big Brothers/Big Sisters was, at most, "guilty of an oversight and wishes to defend the case on the merits." *Id.*

■ As to the factors the Eighth Circuit Court of Appeals found in *Johnson* were relevant to the inquiry, there is little indication that Big Brothers/Big Sisters of America is "blameworthy or culpable" for its failure to respond to Hayek's complaint in a timely fashion, and its conduct is instead "excusable." *See id.* (citing *Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489); *see also id.* ("In applying this standard [to set aside a default], we focus heavily on the blameworthiness of the defaulting party."). The record shows that Big Brothers/Big Sisters of America did not simply ignore Hayek's complaint, even though Big Brothers/Big Sisters of America did not believe it had been properly served, but instead sought to ascertain from the plaintiff herself when and how she believed proper service had been obtained, presumably in part to determine when the time for the filing of Big Brothers/Big Sisters of America's answer began to run. Moreover, this court has reviewed the December 21, 2000, correspondence from Hayek's counsel in response to Big Brothers/Big Sisters of America's inquiry, and the rather obtuse Motion to Extend Time to Answer Defendant's Motion for Summary Judgment, which was attached to that correspondence, and cannot see how either the letter or the motion coherently answered Big Brothers/Big Sisters of America's question about when and how Hayek believed that defendant had been

served. *See* Defendant Big Brothers/Big Sisters of America's Motion To Set Aside Default, Exhibit 3; Plaintiff's December 20, 2000, Motion To Extend Time To Answer Defendant's Motion For Summary Judgment (Docket # 8). Although counsel for Hayek represented at the January 23, 2001, hearing that she had also responded to Big Brothers/Big Sisters of America's inquiry about service by leaving a telephone message, that message, according to counsel herself, only apprised counsel for Big Brothers/Big Sisters of America that she believed service had been effected, because her check to pay for service had been cashed. Thus, as of December 21, 2000, the court cannot find that Big Brothers/Big Sisters of America reasonably should have known that its time to answer Hayek's complaint had begun to run on November 29, 2000, even though Big Brothers/Big Sisters of America clearly had some notice of Hayek's lawsuit. Perhaps the more prudent thing for the defendant to do in these circumstances would have been to move the court for an extension of time to move or plead in response to the complaint while determining whether grounds existed for challenging service,[1] and to avoid any failure to comply with the requirements for a timely answer, but the court cannot find that the failure of counsel for Big Brothers/Big Sisters of America to pursue such a course was inexcusable.

Moreover, Hayek's counsel also conceded at the hearing that she agreed, on or about December 20, 2000, to allow Big Brothers/Big Sisters of America additional time to respond to Hayek's complaint. At no time during the hearing did any party indicate— let alone prove—that the parties reached a concrete understanding about how much additional time should be allowed. In the circumstances presented here, a response to a complaint that was only about three weeks late does not suggest "contumacious or intentional delay or disregard for deadlines and procedural rules," but only "a 'marginal failure' to meet pleading or other deadlines." *See Johnson*, 140 F.3d at 784 (noting that the

court had "rarely, if ever, excused the former ... [b]ut ... have often granted Rule 55(c) and Rule 60(b) relief for marginal failures when there were meritorious defenses and an absence of prejudice"). Assuming that Hayek's motion for entry of default some three weeks after she agreed to an extension might have been justified *had that delay exceeded a clearly articulated agreement on the length of the extension of time,* her motion for entry of default after a general agreement to an extension of time, without providing some notice to the defendant's known representative that she believed the time had come to move for default, smacks of an attempt to "blindside" the defendant. Although Hayek's counsel attempted, at the hearing, to excuse her failure to communicate her intention to seek a default to Big Brothers/Big Sisters of America's counsel on the ground that she didn't know for certain that counsel would actually appear on behalf of Big Brothers/Big Sisters of America, clearly, the appropriate course was for Hayek's counsel to contact directly the attorney who had purported to represent Big Brothers/Big Sisters of America in previous correspondence before filing her motion for entry of default. As the court pointed out to the parties at the hearing, the Standards for Professional Conduct, adopted by the Iowa Supreme Court in administrative session on April 10, 1996, as "recommended guidelines for professional conduct by all Iowa lawyers and judges," *see* Administrative Order of Iowa Supreme Court, April 10, 1996, include the following:

> 20. We [*i.e.*, lawyers in the State of Iowa] will not cause any default or dismissal to be entered without first notifying opposing counsel, when we know his or her identity.

STANDARDS FOR PROFESSIONAL CONDUCT: Lawyers' Duties To Other Counsel, ¶ 20. The record strongly suggests that counsel for Hayek violated this standard of conduct.

■ Similarly unavailing is Hayek's assertion that Big Brothers/Big Sisters of America still has not answered or filed a Rule 12(b)

---

1. Counsel for Big Brothers/Big Sisters of America represented at the hearing on January 23, 2001, that Big Brothers/Big Sisters of America does not know, and has been unable to identify,

the person purportedly personally served with Hayek's complaint, as that person is identified in the return of service forwarded to Big Brothers/Big Sisters of America by Hayek's counsel.

motion in response to her complaint as evidence of dilatory conduct by the defendant. As the court pointed out during the hearing on January 23, 2001, Big Brothers/Big Sisters of America could not move or plead in response to Hayek's complaint until the default entered against it on January 12, 2001, had been set aside, and Big Brothers/Big Sisters promptly moved to do just that.

■ As to the second of the factors the Eighth Circuit Court of Appeals identified in *Johnson* as pertinent to the question of whether a court should set aside a default, "whether the defaulting party has a meritorious defense," *see Johnson*, 140 F.3d at 784, the court finds that Big Brothers/Big Sisters of America has made a sufficient showing to satisfy the "more lenient 'good cause' standard" applicable when a party seeks to set aside only a default, not a default judgment. *See id.* Big Brothers/Big Sisters of America has submitted as evidence of its "meritorious defense" the motion to dismiss pursuant to Rule 12(b)(6) and supporting brief its counsel was preparing when surprised by Hayek's motion for default and the entry of default on the court's order of January 12, 2001. *See* Defendant Big Brothers/Big Sisters of America's Motion To Set Aside Default, Exhibit 5. The court does not believe that it must find the defense to be absolutely convincing, only that Big Brothers/Big Sisters of America's showing must be sufficient to generate a factual or legal question as to the merits of the claim against the defendant. *See Johnson*, 140 F.3d at 785 ("[T]he issue is whether the proffered evidence 'would permit a finding for the defaulting party,' not whether it is undisputed.") (quoting *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir.1988)). In its as-yet-unfiled motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, Big Brothers/Big Sisters of America contends that Hayek has not alleged that she was ever an "employee" of Big Brothers/Big Sisters of America under the applicable definitions for Title VII and the Iowa Civil Rights Act; that Hayek has made no prayer for relief against Big Brothers/Big Sisters of America; and that Hayek fails to state any facts or present any cause of action under which Big Broth-

ers/Big Sisters of America would be liable for actions of Big Brothers/Big Sisters of Siouxland. *See* Defendant Big Brothers/Big Sisters of America's Motion To Set Aside Default, Exhibit 5, Motion to Dismiss, ¶¶ 4–6. The court agrees that these failings are at least arguably present in Hayek's complaint, so that Big Brothers/Big Sisters of America has a sufficiently "meritorious" defense to weigh against letting stand the default entered against it. *See Johnson*, 140 F.3d at 785.

■ As to the last of the factors specifically identified in *Johnson*, the prejudice to Hayek if the default is set aside, "prejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits. Setting aside a default must prejudice plaintiff in a more concrete way, such as 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" *See id.* (quoting *Swink v. City of Pagedale*, 810 F.2d 791, 792 n. 2 (8th Cir.), *cert. denied*, 483 U.S. 1025, 107 S.Ct. 3274, 97 L.Ed.2d 772 (1987), and rejecting, in part, this court's finding in *Widmer–Baum v. Chandler–Halford*, 162 F.R.D. 545, 555–56 (N.D.Iowa 1995), that prejudice can include "expectations concerning the judgment" or a party's "belief in the integrity of the system and the court's authority"). Hayek asserted no such prejudice would arise here. Instead, she contended that she has been deprived by Big Brothers/Big Sisters of America's dilatory response to her complaint of the opportunity to propound discovery to this defendant that would assist her in resisting the summary judgment motion of the other defendant, Big Brothers/Big Sisters of Siouxland. However, Hayek's counsel conceded at the hearing on January 23, 2001, that she had not propounded any discovery at all to defendant Big Brothers/Big Sisters of Siouxland, making her contention concerning "prejudice" from the lack of the opportunity to pursue discovery from Big Brothers/Big Sisters of America ring particularly hollow. This is so, notwithstanding Hayek's contention that she had already obtained, apparently through the administrative process, the information available from Big Brothers/Big Sisters of Sioux-

land. Certainly, Hayek failed to show what, if any, information she could have obtained from Big Brothers/Big Sisters of America about the purported "affiliation" between the two defendants that she could not have obtained, had she tried, from Big Brothers/Big Sisters of Siouxland. Moreover, the court cannot find that this is the sort of "prejudice" identified by the courts as pertinent to the inquiry, and Hayek could produce no authority at the hearing that it was. Here, it is defaulting Big Brothers/Big Sisters of America out of the picture that could result in "loss of evidence" or "increased difficulties in discovery" concerning evidence that may be necessary to Hayek's resistance to Big Brothers/Big Sisters of Siouxland's motion for summary judgment, which, *inter alia,* asserts that Big Brothers/Big Sisters of Siouxland does not, by itself, have the statutory number of employees to fall within the purview of Title VII and that the two named defendants are not interrelated in such a way that the employees of both defendants can be used to meet Title VII's "numerosity" requirement. *See* Brief In Support Of Big Brothers/Big Sisters of Siouxland's Motion For Summary Judgment (docket # 6).

The court finds that Big Brothers/Big Sisters of America has satisfied the requirements for setting aside the default entered on January 12, 2001. *See* FED.R.CIV.P. 55(c); *Johnson,* 140 F.3d at 783–85. Therefore, Big Brothers/Big Sisters of America's motion to set aside the default entered on January 12, 2001, will be granted, and the prerequisite for Hayek's motion for entry of default judgment consequently being absent, Hayek's motion will be denied.

 Finally, even assuming that Big Brothers/Big Sisters of America has not shown "good cause" to set aside the entry of default in this case, Hayek utterly failed to satisfy the requirements of step two of the process for entry of default judgment. *See, e.g., Dahl,* 161 F.R.D. at 683. The court finds that Hayek not only failed to demonstrate that a default judgment should be entered, but failed to demonstrate in what amount any such default judgment should be entered in this case. *See* FED.R.CIV.P. 55(b)(2); *Hagen,* 205 F.3d at 1042 (" 'a de-

fault judgment cannot be entered until the amount of damages has been ascertained' ") (quoting *Enron Oil Corp.,* 10 F.3d at 97). This is so, even though determination of the amount of any default judgment was one of the stated purposes of the hearing set on January 23, 2001. *See* Order of January 12, 2001, at 4 ("[T]he court will set a hearing to determine whether, and in what amount, default judgment should be entered in this case."). Thus, on this further ground, Hayek's motion for entry of default judgment will be denied.

Therefore, upon consideration of the record and arguments of the parties,

1. Defendant Big Brothers/Big Sisters of America's January 16, 2001, motion to set aside the default entered on January 12, 2001, is **granted,** and **said default is set aside.**

2. Plaintiff Connie Hayek's January 10, 2001, motion for entry of default judgment against defendant Big Brothers/Big Sisters of America is **denied.**

3. **Defendant Big Brothers/Big Sisters of America shall move or plead** in response to Hayek's complaint **on or before February 5, 2001.**

**IT IS SO ORDERED.**