WEBSTER INDUSTRIES, INC., a Minnesota Corporation; Kretz Lumber Co., Inc., a Wisconsin Corporation; Woodline Manufacturing, Inc., a Minnesota Corporation; Wycombe Wood Products, Inc., a Wisconsin Corporation; and Hart Tie & Lumber, Inc., a Wisconsin Corporation, Plaintiffs,

v.

NORTHWOOD DOORS, INC., an Iowa Corporation; Partridge River Superior, Inc., a Wisconsin Corporation; Partridge River, Inc., a Minnesota Corporation; Partridge River Holdings, Inc., a Minnesota Corporation; Superior Dimension and Doors, L.L.C., a Minnesota Limited Liability Company; China Hardwood Import Products, L.L.C., a Minnesota Limited Liability Company; Andrew Richey; and Michael Miner, Defendants.

No. C02–3068–MWB.

United States District Court,
N.D. Iowa,
Central Division.

Feb. 13, 2003.

Ryan Patrick Tang, Litow Law Office, PC, Cedar Rapids, IA, for Plaintiffs.

John Werner, Donna Renae Miller, Grefe & Sidney, Des Moines, IA, for Defendants.

**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFFS' MOTION FOR FINDING OF DEFAULT AND ENTRY OF DEFAULT JUDGMENT AND DEFENDANTS' MOTION FOR RELIEF FROM ENTRY OF DEFAULT**

BENNETT, Chief Judge.

## TABLE OF CONTENTS

I. INTRODUCTION .................................................1001

II. LEGAL ANALYSIS .............................................1002
 A. Entry Of Default And Default Judgment .................1002
 B. Arguments Of The Parties ..............................1004
 C. Applicable Rules For Service ..........................1005
 1. The applicable federal rules .....................1005
 2. Applicable state law rules .......................1005
 a. Minnesota's rule for service by publication ..1006
 b. Applicable Iowa rules for service ...........1007
 i. Service by publication .................1007
 ii. Personal service .......................1009
 D. Setting Aside The Default ............................1010

III. CONCLUSION .................................................1010

In this lawsuit, which was removed by one of the defendants from the Iowa District Court for Worth County, the plaintiffs assert forty claims, under a variety of the-

ories, against allegedly related defendants arising primarily from the failure of insolvent defendant Northwood Doors, Inc., to pay for goods and services that the plaintiffs provided to that defendant. This matter is now before the court on motions seeking or challenging the entry of default and default judgment against several of the defendants. The pending motions involve, primarily, the sufficiency of the plaintiffs' attempts to serve those defendants personally or by publication.

## I. *INTRODUCTION*

This matter comes before the court pursuant to the plaintiffs' Motion For Finding Of Default and Motion For Entry Of Default Judgment (docket no. 31), which was apparently served upon the parties by U.S. Mail on December 27, 2002, but not actually filed with the Clerk of Court until January 28, 2003. This matter also comes before the court pursuant to the defendants' January 30, 2003, Motion To Reconsider Or, In The Alternative, Motion For Relief From Entry Of Default (docket no. 34).

More specifically, the plaintiffs' Motion For Finding Of Default and Motion For Entry Of Default Judgment seeks entry of default and default judgment against defendants Partridge River Superior, Inc., Partridge River, Inc., and Partridge River Holdings, Inc., all three of which are collectively described herein as the "Partridge Defendants," Superior Dimension and Doors, L.L.C., China Hardwood Im-

port Products, L.L.C., and Andrew Richey. Although the motion had not been received or filed by the Clerk of Court, the defendants resisted the motion on January 6, 2003. In essence, the defendants contend that they have never been properly served with the plaintiffs' complaint; therefore, entry of default or default judgment would be inappropriate. The plaintiffs filed a Response To Resistance To Motion For Finding Of Default (*i.e.*, a "reply," *see, e.g.*, N.D. IA. L.R. 7.1(g)) on January 27, 2003, asserting that they had properly served the defaulting defendants by publication pursuant to the applicable Iowa and Federal Rules of Civil Procedure. On January 28, 2003, noting that a resistance and reply had been filed, but that no copy of the motion had ever been filed, the court entered an order directing the Clerk of Court to file what the court had until then believed was a courtesy copy of the plaintiffs' motion sent to the undersigned's chambers. Thereafter, on February 3, 2003, the defendants filed a Reply To Response To Resistance To Motion For Finding Of Default and Motion For Entry Of Default Judgment (*i.e.*, a "surreply," for which there is no specific authorization in either the federal or local rules of procedure) in which they point out what they believe are specific deficiencies in the plaintiffs' attempts to serve them by publication.[1]

---

1. On February 5, 2003, the plaintiffs also filed an Affidavit of Mailing, concerning their attempt to file their motion with the Clerk of Court, and a Response To Court's Order Re Plaintiffs' Motion For Default, asserting that the Affidavit makes clear that the plaintiffs attempted to submit their original Motion for Finding of Default and Motion for Entry of Default Judgment to the Clerk of Court in a manner in compliance with applicable federal and local rules of procedure. Because the court has already directed filing of the plaintiffs' motion, the defendants clearly had no-

tice of the motion, and the issues have been fully joined, the court concludes that the motion is properly before the court and fully submitted for disposition at this time. Moreover, the court is satisfied that any failure in proper filing of the motion with the Clerk of Court at the time that all other parties and the undersigned received service of the motion by mail was inadvertent clerical error at any one of several possible points in the process, including the possibility that the copy of the motion intended for the Clerk of Court was simply lost in the post-holiday mail.

On February 10, 2003, the plaintiffs filed a Reply To Reply To Response To Resistance To Motion For Finding Of Default And Motion For Entry Of Default Judgment (*i.e.*, a "sur-surreply," for which there is, again, no authorization in either the federal or local rules of procedure). In this filing, the plaintiffs, *inter alia*, admit that their published notice did not run in the county in which the action was filed, because "the case is no longer filed in a county," but is instead filed in federal court. The plaintiffs contend that they should be applauded, not chastised, for publishing notice in a newspaper more likely to provide actual notice to the remaining defendants than a newspaper in Worth County or Woodbury County. Also on February 10, 2003, the defendants filed a Supplemental Statement In Support Of Resistance To Plaintiff's [sic] Motion For Default, in which they state, "If Plaintiffs would simply comply with Iowa Code § 617.3 and Minnesota Statute § 5.25 regarding service of corporations through the Secretaries of State for the respective states, Defendants would file an Answer, and the litigation of this matter could proceed."

On January 28, 2003, pursuant to the plaintiffs' Motion For Finding Of Default and Motion For Entry Of Default Judgment and the court's order directing the Clerk of Court to file that motion that day, the Clerk of Court entered on the record the default of the Partridge Defendants, Superior Dimension and Doors, L.L.C., China Hardwood Import Products, L.L.C., and Andrew Richey. The entry of default by the Clerk of Court prompted the filing on January 30, 2003, of defendants' Motion To Reconsider Or, In The Alternative, Motion For Relief From Entry Of Default. In that Motion To Reconsider, the defendants contend that the Clerk of Court improperly entered default against them, apparently without considering their resistance to the plaintiffs' motion for entry of default. On February 10, 2003, the plaintiffs filed a Resistance To Motion To Reconsider Or, In The Alternative, Motion For Relief From Entry Of Default, in which the plaintiffs assert that the defendants have indeed defaulted and that all of the other issues raised by the defendants in their motion to reconsider have to do with service or jurisdiction, not default, but that the defendants have not appeared nor filed motions attacking service or jurisdiction. The plaintiffs also contend that there is nothing for the court to reconsider, because the Clerk of Court, not the court, entered the default.

## II. LEGAL ANALYSIS

### A. Entry Of Default And Default Judgment

■ Rule 55 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

**Rule 55. Default**

(a) **Entry**. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

(b) **Judgment**. Judgment by default may be entered as follows:

(1) **By the Clerk**. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

(2) **By the Court**. In all other cases the party entitled to a judgment by de-

fault shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

**(c) Setting Aside Default.** For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

FED. R. CIV. P. 55(a)-(c). In *Hayek v. Big Brothers/Big Sisters of America*, 198 F.R.D. 518 (N.D.Iowa 2001), this court summarized the mechanics under Rule 55 of obtaining the entry of default and default judgment, as well as the method for setting aside a default or default judgment, as follows:

Under Rule 55, "[w]hen a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir.1998); *see also Hagen v. Sisseton–*

*Wahpeton Community College*, 205 F.3d 1040, 1042 (8th Cir.2000) (citing Johnson for this requirement). "Entry of a default under Federal Rule of Civil Procedure 55(a) is not, as such, entry of a judgment; it merely permits the plaintiff to move for a default judgment under Rule 55(b)(2), assuming that the default is not set aside under Rule 55(c)." *Inman v. American Home Furniture Placement, Inc.*, 120 F.3d 117, 118 n. 2 (8th Cir.1997). Moreover, " 'a default judgment cannot be entered until the amount of damages has been ascertained.' " *Hagen*, 205 F.3d at 1042 (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 97 (2d Cir.1993)). Thus, if the judgment sought is not for a sum certain, Rule 55(b)(2) provides that "the court may conduct such hearings or order such references as it deems necessary and proper" in order to "enable the court to enter judgment." Fed.R.Civ.P. 55(b)(2). In short, as this court has explained, Rule 55 "requires two steps before entry of a default judgment: first, pursuant to Fed.R.Civ.P. 55(a), the party seeking a default judgment must have the clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend; second, pursuant to Fed. R.Civ.P. 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule." *Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 683 (N.D.Iowa 1995).

*Hayek*, 198 F.R.D. at 520.

In this case, the Clerk of Court has entered the default of the Partridge Defendants, Superior Dimension and Doors, L.L.C., China Hardwood Import Products, L.L.C., and Andrew Richey pursuant to Rule 55(a), completing the first step in the two-step process toward default judgment. *See id.* Thus, the questions presented by

the pending motions are whether the court should now take the second step, by entering default judgment pursuant to Rule 55(b)(2), or whether the court should instead set aside the entry of default pursuant to Rule 55(c). *See id.*

### B. Arguments Of The Parties

The plaintiffs' Motion For Finding Of Default and Motion For Entry Of Default Judgment states no grounds for entering either default or default judgment against the identified defendants, nor is it supported by any affidavits or otherwise. *See* FED. R. CIV. P. 55(a). However, the plaintiffs' Response To Resistance To Motion For Finding Of Default and accompanying brief, which the court will call the plaintiffs' reply, for the sake of convenience, is more illuminating. In their reply, the plaintiffs contend that, despite their repeated attempts to serve the defendants personally, they have been unable to do so, because the defendants are "masters" of avoiding personal service. This is so, the plaintiffs contend, because the individual defendant, Andrew Richey, who is also the registered agent of most of the corporate defendants, has fled the country and is now believed to reside in China. The plaintiffs contend that Rule 4 of the Federal Rules of Civil Procedure provides for service pursuant to either the Iowa or Minnesota Rules of Civil Procedure. They contend, further, that they have properly elected to attempt, and have succeeded in effecting, service by publication and/or personal service pursuant to Iowa Rules of Civil Procedure 1.305, 1.306, 1.310, and 1.311. Somewhat more specifically, the plaintiffs contend that they effected proper service by publication, pursuant to Rules 1.310 and 1.311 of the Iowa Rules of Civil Procedure, by publishing the summons in this case in the Duluth News Tribune, a paper of general circulation in the Duluth, Minnesota/Superior, Wisconsin area. In the alternative, they contend that defendant China Hardwood Import Products

was personally served pursuant to Rule 1.305(6) of the Iowa Rules of Civil Procedure and that China Hardwood Import Products and Superior Dimension and Doors were personally served pursuant to Rule 1.305(7) of the Iowa Rules of Civil Procedure.

In their brief in support of their resistance to the plaintiffs' motion for entry of default and default judgment, the defendants contend that the Affidavit of Publication provided by the plaintiffs, detailing the dates on which the summons was published in the Duluth News Tribune, does not comply with Rule 4 of the Federal Rules of Civil Procedure, because the service by publication complied with neither Minnesota nor Iowa Rules of Civil Procedure. As to compliance with the applicable rule in Minnesota, Rule 4.04, the defendants contend that this case does not belong to any of the categories in which service by publication is permitted. As to compliance with the Iowa rules, the defendants contend that the plaintiffs' affidavits do not establish compliance with the requirements for mailing of a copy of the notice to any party's last known address or averring that no address is known. The defendants also contend that service by publication was deficient because the newspaper selected by the plaintiffs for publication of the summons does not comply with Rule 1.313 of the Iowa Rules of Civil Procedure. In what the court has called the defendants' surreply, filed February 3, 2003, the defendants reiterate that the newspaper selected by the plaintiffs does not comply with Rule 1.313, and that, even if publication in Minnesota complied with Iowa rules as to the Minnesota corporations, it does not satisfy requirements for serving Partridge River Superior, Inc., which is a Wisconsin corporation. Furthermore, the defendants contend that, far from absconding or hiding to avoid service, Andrew Richey is properly con-

ducting business in Hong Kong as the director of the MBA China program for St. Ambrose University. They also dispute the adequacy of any supposed personal service on China Hardwood Import Products or Superior Dimension and Doors, on the ground that no adequate representative of those defendants was personally served, adding that the plaintiffs have not filed any return of service for Superior Dimension and Doors. The defendants contend that these same arguments warrant setting aside the entry of default by the Clerk of Court.

### C. Applicable Rules For Service

#### 1. The applicable federal rules

The applicable portions of Rule 4 of the Federal Rules of Civil Procedure provide for service of process either "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State," *see* FED. R. CIV. P. 4(e)(1) & (h)(1), or by personal service. *See* FED. R. CIV. P. 4(e)(2) & (h)(1) & (2). More specifically, Rule 4(e) provides for service in this manner upon "individuals within a judicial district of the United States," and thus, is directly applicable to service upon Andrew Richey. *Id.*[2] Rule 4(h) provides for "service upon corporations and associations," and thus, is applicable to the other defendants against whom default and default judgment are sought here. Rule 4(h) provides, in pertinent part, as follows:

Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:

(1) *in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1),* or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant[.]

FED. R. CIV. P. 4(h) (emphasis added). Thus, the federal rule for service upon corporations also expressly incorporates the provisions of Rule 4(e)(1) for service pursuant to state law. The court, therefore, turns to the provisions of state law made pertinent to service in this federal lawsuit.

#### 2. Applicable state law rules

■ The court notes that Rule 4(e)(1) of the Federal Rules of Civil Procedure makes the state law of *either* of two jurisdictions equally applicable: either "the law of the state in which the district court is located," which in this case is Iowa, "*or* [the law of the state] in which service is effected," which might be either Minnesota or Wisconsin for a particular defendant, where the defendants in question purportedly are incorporated or do business in Minnesota and/or Wisconsin. *See* FED. R. CIV. P. 4(e)(1) (emphasis added). Thus, if service is valid under the rules of one qualifying state, the court need not consid-

---

**2.** The plaintiffs recognize that Rule 4(f) may be applicable to defendant Andrew Richey, as it provides for "service upon individuals in a foreign country," but they contend that Richey apparently still maintains his domicile in Minnesota, so that he may be served pursuant to Rule 4(e)(1). The defendants do not specifically challenge the applicability of Rule 4(e)(1) to Richey; instead, they focus on the insufficiency of service of process pursuant to Rule 4(e)(1).

er the law of the other qualifying state, nor need the court make any "choice of law" between qualifying states, in the sense of choosing the law of only one state as applicable to the question of the adequacy of service, then determining whether adequate service was effected under the law of that state.

### a. Minnesota's rule for service by publication

The plaintiffs do not contend that they effected personal service on any of the defendants in compliance with the Minnesota Rules of Civil Procedure. On the other hand, their arguments *suggest*, although they do not expressly state, that the plaintiffs believe that they have effected service by publication upon the individual defendant, Andrew Richey, pursuant to Minnesota Rule 4.04. The defendants contend that this case does not fall within any of the five categories in which service by publication is permitted pursuant to Minnesota Rule 4.04. Thus, because the parties have only put at issue Minnesota Rule 4.04, for service by publication, the court need only examine that rule of Minnesota civil procedure in the context of this case.

Rule 4.04 of the Minnesota Rules of Civil Procedure provides for service by publication as follows:

Rule 4.04. Service By Publication; Personal Service out of State

(a) Service by Publications. Service by publication shall be sufficient to confer jurisdiction:

(1) When the defendant is a resident individual domiciliary having departed from the state with intent to defraud creditors, or to avoid service, or remains concealed therein with the like intent;

(2) When the plaintiff has acquired a lien upon property or credits within the state by attachment or garnishment, and

(A) The defendant is a resident individual who has departed from the state, or cannot be found therein, or

(B) The defendant is a nonresident individual or a foreign corporation, partnership or association;

When quasi in rem jurisdiction has been obtained, a party defending the action thereby submits personally to the jurisdiction of the court. An appearance solely to contest the validity of quasi in rem jurisdiction is not such a submission.

(3) When the action is for marriage dissolution or separate maintenance and the court has ordered service by published notice;

(4) When the subject of the action is real or personal property within the state in or upon which the defendant has or claims a lien or interest, or the relief demanded consists wholly or partly in excluding the defendant from any such interest or lien;

(5) When the action is to foreclose a mortgage or to enforce a lien on real estate within the state.

The summons may be served by three weeks' published notice in any of the cases enumerated herein when the complaint and an affidavit of the plaintiff or the plaintiff's attorney have been filed with the court. The affidavit shall state the existence of one of the enumerated cases, and that affiant believes the defendant is not a resident of the state or cannot be found therein, and either that the affiant has mailed a copy of the summons to the defendant at the defendant's place of residence or that such residence is not known to the affiant. The service of the summons shall be deemed complete 21 days after the first publication.

MINN. R. CIV. P. 4.04(a). The Minnesota Court of Appeals has explained, "Even though service by publication is not a reliable means of notifying interested parties, Minnesota recognizes service by publication in situations ' "where it is not reasonably possible or practicable to give more adequate warning." ' " *Abu–Dalbouh v. Abu–Dalbouh*, 547 N.W.2d 700, 703 (Minn. Ct.App.1996) (quoting *Gill v. Gill*, 277 Minn. 166, 171, 152 N.W.2d 309, 313 (1967), in turn quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). In such cases, the plaintiff shows the impossibility or impracticality of personal service, and hence eligibility for service by publication, through the affidavit in support of publication. MINN. R. CIV. P. 4.04(a).

■ As the court observed above, the defendants contend that this case does not fall into any of the five categories of cases in which service by publication is appropriate under Rule 4.04(a), and the court agrees, *at least as to the corporate defendants*. On the other hand, the plaintiffs' assertions can be read as contentions that the individual defendant, Andrew Richey, is a "resident individual domiciliary" of Minnesota, but that he has "departed from the state," and indeed, from the United States, "with intent to defraud creditors, or to avoid service," or that he "remains concealed . . . with like intent." *See* MINN. R. CIV. P. 4.04(a)(1). Even assuming that the plaintiffs assert that Rule 4.04(a)(1) is applicable to service upon Richey, however, the court finds that the plaintiffs have not complied with the affidavit requirements of Rule 4.04(a), which would allow the plaintiffs to assert that service by publication upon Richey complied with that rule. *See id.* (the plaintiff shows the impossibility or impracticality of personal service, and hence eligibility for service by publication, through an affidavit in support of publication). Thus, like the parties, the

court will turn to consideration of applicable rules for service pursuant to Iowa law.

### b. Applicable Iowa rules for service

*i. Service by publication.* The court will begin with the plaintiffs' principal contention, which is that service by publication in this case complied with Iowa law. The plaintiffs contend that service by publication in this case was authorized by subsections 8 and 11 of Rule 1.310 (formerly Rule 60) of the Iowa Rules of Civil Procedure. The pertinent parts of Rule 1.310 provide as follows:

> Rule 1.310. Service by publication; what cases
>
> After filing an affidavit that personal service cannot be had on an adverse party in Iowa, the original notice may be served by publication, in any action brought for the following:
>
> \* \* \* \* \* \*
>
> (8) Against *any resident of the state* who has departed therefrom, or from the county of defendant's, respondent's, or other party's residence, with intent to delay or defraud creditors, or to avoid service, or a defendant, respondent or other party who keeps concealed with like intent.
>
> \* \* \* \* \* \*
>
> (11) Against a partnership, corporation or association suable under a common name, when no person can be found on whom personal service can be made.

IOWA R. CIV. P. 1.310(8) & (11). There are at least two problems, however, with the plaintiffs' assertion that service by publication was authorized in this case pursuant to the cited provisions of Rule 1.310.

■ First, as the Iowa Court of Appeals explained some time ago,

> *Prior to publication,* the party seeking to use this method of service must file "an affidavit that personal service can-

not be had on the adverse party in Iowa." Iowa R.Civ.P. 60 [now 1.310]. As it relates to the affidavit required under this rule to meet jurisdictional requirements, *it must be filed before publication begins. Swift v. Swift,* 239 Iowa 62, 29 N.W.2d 535, 538 (1947).

*In re Marriage of Thrailkill,* 438 N.W.2d 845, 847 (Iowa Ct.App.1989) (emphasis added). The court has scrutinized the record in this case in vain for any affidavit averring that personal service cannot be had on any of the adverse parties identified here, let alone for any such affidavit that was filed *before publication began.* In the absence of such an affidavit filed *before publication began,* this court does not have jurisdiction pursuant to service under Rule 1.310. *See id.* (an affidavit filed before publication begins is a "jurisdictional requirement" under Rule 1.310, citing *Swift,* 29 N.W.2d at 538). Thus, Rule 1.310 cannot be the basis for effective service by publication in this case.

 Second, Rule 1.310(8) cannot be the basis for effective service by publication on the individual defendant, Andrew Richey, because there is absolutely no indication in the record that he is or was "a resident of the state [of Iowa]," as required for that provision to be applicable. *See* IOWA R. CIV. P. 1.310(8). Instead, the plaintiffs assert at various points in the prosecution of their motion for default and default judgment that Richey was a domiciliary of Minnesota before he fled to China or other parts unknown. The plaintiffs do not represent that the provisions of Rule 1.310 that are applicable to *non-resident* individual defendants, *see* IOWA R. CIV. P. 1.310(6) & (7), are applicable in this case.

Next, Rule 1.311 provides, in essence, that for "known defendants," in addition to service by publication, a plaintiff must also mail notice to certain addresses or persons. *See* IOWA R. CIV. P. 1.311. Although Rule 1.311 is plainly applicable here, the court will pass over for now the defendants' contention that service by publication did not comply with that provision, because the proofs of such mailing do not have to be filed before *seeking* default or default judgment, although they must be "filed before the *entry* of judgment." *Id.* (emphasis added).

 Instead, the next provision of Iowa law concerning service by publication that the court finds it is necessary to discuss is Rule 1.313 (formerly Rule 62). That provision provides as follows:

After the filing of a petition, publication of the original notice shall be made once each week for three consecutive weeks in a newspaper of general circulation *published in the county where the petition is filed.* The newspaper shall be selected by the plaintiff.

IOWA R. CIV. P. 1.313 (emphasis added). The italicized portion of this provision was left out of the plaintiffs' quotation of this provision, but it is this portion that the defendants specifically assert, and the court finds, was not complied with in this case. Instead of selecting a newspaper of general circulation published in either Worth County, Iowa, where the original petition was filed in state court—or even Woodbury County, Iowa, which is arguably a county in which the removed federal action is now filed—the plaintiffs selected a newspaper in the Duluth, Minnesota/Superior, Wisconsin, area. Thus, the publication selected by the plaintiffs plainly does not comply with this provision of Iowa law regarding service by publication.

The court recognizes that there is something counterintuitive about this last conclusion, because it seems that the publication of the summons in the newspaper selected by the plaintiffs here was *more,* not *less,* likely to result in actual notice to the defendants in question, all of whom are individuals or corporations residing or do-

ing business in the Duluth/Superior area. However, the court cannot simply ignore the requirements of Rule 1.313, because compliance with the Rule is not simply a matter of "nit-picking," as the plaintiffs would have it. Nor can the plaintiffs' failure to comply with Rule 1.313 be "saved" by reference to Rule 1.306 regarding "alternate method[s] of service." *See* IOWA R. CIV. P. 1.306. That provision permits service "in any manner consistent with due process of law *prescribed by order of the court in which the action is brought*." *Id.* (emphasis added). Neither the undersigned nor any other judge of this court has prescribed by order any newspaper, not in compliance with Rule 1.313, that the plaintiffs may use to effect "alternate service" by publication pursuant to Rule 1.306.

Thus, neither default nor default judgment is appropriate, where it cannot be shown that the defendants in question have been properly served by publication.

■■■■ *ii. Personal service.* In the alternative, at least in passing, the plaintiffs contend that defendants China Hardwood Import Products and Superior Dimension and Doors have been *personally* served pursuant to Iowa law. These contentions need not detain the court long. First, service on these defendants did not comply with Rule 1.305(6) and/or (7), as the plaintiffs contend. Those provisions provide as follows:

Rule 1.305. Personal service

Original notices are "served" by delivering a copy to the proper person. Personal service may be made as follows:

\* \* \* \* \* \*

(6) Upon a partnership, or an association suable under a common name, or a corporation, by serving any present or acting or last-known officer thereof, or any general or managing agent, or any agent or person now authorized by appointment or by law to receive service of original notice, or on the general partner of a partnership.

(7) If the action, whether against an individual, corporation, partnership or other association suable under a common name, arises out of or is connected with the business of any office or agency maintained by the defendant in a county other than where the principal resides, by serving any agent or clerk employed in such office or agency.

IOWA R. CIV. P. 1.305(6) & (7). The plaintiffs contend that personal service upon Michael Miner satisfied the requirements of Rule 1.305(6) for personal service upon China Hardwood Import Products, because Miner represented that he was a responsible party for China Hardwood Import Products and he acknowledged service on behalf of that company. The plaintiffs contend that it was only later, after this action was removed, that Miner retracted those representations. However, the plaintiffs plainly bear the burden of demonstrating that service complies with Rule 1.305(6) and Miner's representation that he was a "responsible party" and his acknowledgment of service in no way demonstrate that he was a person of the kind required under Rule 1.305(6) for effective service upon China Hardwood Import Products. Similarly, the plaintiffs have not demonstrated compliance with Rule 1.305(7) for service upon either China Hardwood Import Products or Superior Dimension and Doors on the basis that they served someone at the same address as that listed by the Secretary of State as the address for those two businesses. To the contrary, there is no representation anywhere in the record to which the court's attention has been drawn that the claims in this action "arise out of or [were] connected with the business of any office or agency maintained by the defendant *in a county other than where the principal resides*," or that these defendants were served at such an office, where the address

of service in fact *matches* the address for the two businesses listed by the Secretary of State, and thus the office and the place of service appear to be precisely "where the principal resides."

Second, to the extent that the plaintiffs contend that they effected "personal" service satisfying Rule 1.306, which allows "alternate methods" of service, that argument fails, because neither the undersigned nor any other judge of this court has prescribed by order any "alternate method" of "personal" service pursuant to Rule 1.306. *See* IOWA R. CIV. P. 1.306 (permitting service "in any manner consistent with due process of law *prescribed by order of the court in which the action is brought*") (emphasis added).

Thus, the plaintiffs have not effected "personal" service upon any of the defendants in question pursuant to Iowa law, either.

### D. Setting Aside The Default

 The defendants have also moved the court to "reconsider" the entry of default by the Clerk of Court. Although the plaintiffs contend that there is nothing for the court to "reconsider," because the default was entered by the Clerk of Court, not the court, Rule 55(c) expressly provides that "[f]or good cause shown *the court* may set aside an entry of default." FED. R. CIV. P. 55(c) (emphasis added). Because the defendants in question have not been effectively served, it does not appear, "by affidavit or otherwise," that any such defendant has "failed to plead or otherwise defend as provided by these [Federal Rules of Civil Procedure]." FED. R. CIV. P. 55(a). Thus, entry of default was improper, and "good cause" has been shown for the court to "set aside [the] entry of default." *See* FED. R. CIV. P. 55(c).

### III. CONCLUSION

In light of the foregoing, the plaintiffs' December 27, 2002, Motion For Finding Of Default and Motion For Entry Of Default Judgment (docket no. 31), filed by order of the court on January 28, 2003, is **denied**. The defendants' January 30, 2003, Motion To Reconsider Or, In The Alternative, Motion For Relief From Entry Of Default (docket no. 34) is **granted**, and the default entered by the Clerk of Court on January 28, 2003 (docket no. 32) is set aside pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. The plaintiffs are granted **sixty days** from the date of this order within which to attempt to effect service upon the Partridge Defendants, Superior Dimension and Doors, L.L.C., China Hardwood Import Products, L.L.C., and Andrew Richey, in compliance with applicable rules of procedure. The granting of an additional period within which to attempt service is in no way to be construed as permission by the court to attempt any specific method of service. The court will only rule on any request to attempt a specific method of service upon the presentation of a motion in full compliance with applicable law.

**IT IS SO ORDERED.**