**Lisa MACKIE, Plaintiff,**

v.

**U.S. MANUFACTURING, INC., Global Resources Recovery Organization, Inc., Larry Schacterle, and Troy Grover, Defendants.**

**No. C03–0085 LRR.**

United States District Court,
N.D. Iowa,
Cedar Rapids Division.

Jan. 9, 2004.

Glenn L. Johnson, Shuttleworth & Ingersoll, Cedar Rapids, IA, for Plaintiff.

Sharon K. Malheiro, Davis, Brown, Koehn, Shors & Roberts, Mark D. Sherinian, Sherinian & Walker, PC, Marc Thomas Beltrame, Stephen D. Marso, Whitfield & Eddy, PLC, Des Moines, IA, for Defendant.

## ORDER

READE, District Judge.

This matter is before the Court pursuant to Defendant Troy Grover's October 10, 2003 Motion to Set Aside Entry of Default (docket no. 13). By Order dated October 2, 2003, this Court ordered the Clerk of Court to enter default against Grover pursuant to Federal Rule of Civil Procedure 55(a). Grover now moves to set aside this entry of default, arguing he initially believed in good faith that U.S. Manufacturing, Inc. ("U.S.Manufacturing") or Global Resources Recovery Organization, Inc. ("Global Resources") would be handling his case and there was no need for him to take any action. In response, Plaintiff Lisa Mackie argues that the Summons made clear that Grover had 20 days to take action yet he did nothing with regards to the Summons for 25 days. For the reasons set forth below, Grover's Motion to Set Aside Entry of Default is granted.

Lisa Mackie filed her Complaint on July 7, 2003. Shortly thereafter, Grover claims that Bill DeJong, an employee of U.S. Manufacturing and Global Resources, called Grover on the telephone and informed him that he had given Grover's address to someone who was going to be delivering a "package" related to Mackie. Grover claims that DeJong told him not to worry about the situation with Mackie because "things were under control" and it would be approximately two years "before anything happened." DeJong also gave Grover the name of U.S. Manufacturing's attorney Sharon Malheiro. Grover argues that because of this conversation, he believed that U.S. Manufacturing or Global Resources would handle his case and there was no need for him to take any action.

On August 21, 2003, Grover was served with a Summons and a copy of the complaint in Vestaburg, Michigan, where he lives. The deadline for Grover to file an answer or otherwise plead was September 10, 2003. Grover failed to file an appearance and did not take any action by that date.

On or about September 15, 2003, Grover called Ms. Malheiro's office about the case. She informed him that he needed to obtain separate counsel because U.S. Manufacturing and Global Resources could not provide him with a defense. Later that week, Ms. Malheiro provided Grover with some names of Iowa attorneys who could potentially represent him, however, two did not return his phone calls and another did not agree to represent him. Grover then called a friend who was attending law school and his friend provided him with the name Anne Garrison to contact about his case. Ms. Garrison later referred Grover to attorney Marc Beltrame, who is currently representing Grover. Grover first contacted Mr. Beltrame by telephone on October 1, 2003 and they formed an attorney-client relationship on October 6, 2003.

While Grover was attempting to find counsel to represent him, Mackie filed an application for entry of default judgment against Grover on September 19, 2003. Grover claims the first he knew of this was when Mr. Beltrame advised him of it after agreeing to represent Grover. The Court ordered an entry of default against Grover on October 2, 2003 and also ordered Mackie's motion for default judgment be held in abeyance pending disposition of the case against the appearing defendants. Grover filed this Motion on October 10, 2003.

■ Federal Rule of Civil Procedure 55(c) provides:

(c) Setting Aside Default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Fed.R.Civ.P. 55(c). The standard applied by a court when reconsidering an entry of default is less strict than the standard applied when reconsidering entry of a default judgment. The Eighth Circuit Court of Appeals has held that:

Although the same factors are typically relevant in deciding whether to set aside entries of default and default judgments, "[m]ost decisions ... hold that relief from a default judgment requires a stronger showing of excuse than relief from a mere

default order." This is a sound distinction. There is a "judicial preference for adjudication on the merits," and it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits.

*Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783–84 (8th Cir.1998) (internal citations omitted). The *Johnson* court pointed to three factors traditionally examined by courts in deciding whether to set aside an entry of default: "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Id.* at 784 (citation omitted). In examining the standard further, the *Johnson* court focused heavily on "the blameworthiness of the defaulting party." *Id.* The Eighth Circuit Court of Appeals has rarely, if ever, excused "contumacious or intentional delay or disregard for deadlines and procedural rules," but has often granted "relief for marginal failures when there were meritorious defenses and an absence of prejudice." *Id.* (citations omitted).

■ In light of *Johnson*, this Court's analysis of whether to set aside the default begins with consideration of Grover's culpability for the failure to make a timely response to the complaint. *See Johnson*, 140 F.3d at 784. There is little indication that Grover is "blameworthy or culpable" for his failure to respond to the plaintiff's complaint in a timely fashion, and his conduct is instead "excusable." *See id.* Grover did not simply ignore Mackie's Complaint. While it is true that he did not contact Ms. Malheiro within the 20–day period to ensure that his defense was being covered, it appears that the reason for the delay was because he believed in good faith that he did not have to do anything because U.S. Manufacturing or Global Resources would take care of his defense. When he found out otherwise from Ms. Malheiro, he immediately tried to get an attorney in Iowa to represent him and he obtained one on October 6, 2003. Four days later, Grover's attorney filed the instant Motion an

Answer on October 10, 2003. This Court cannot conclude that Grover's conduct was inexcusable. Therefore, this factor weighs in favor of setting aside the entry of default.

■ Another factor the Court shall consider is whether Grover has asserted a meritorious defense. To determine whether a defaulted defendant has a meritorious defense, likelihood of success is not the measure. *See id.* at 785. A defendant's showing must be sufficient to generate a factual or legal question as to the merits of the claim against the defendant. *See Hayek v. Big Brothers/Big Sisters of Am.,* 198 F.R.D. 518, 521 (N.D.Iowa 2001) (citing *Johnson,* 140 F.3d at 785). This Court finds that Grover has made a sufficient showing to satisfy the "more lenient 'good cause' standard" applicable when a party seeks to set aside only a default, not a default judgment. *Johnson,* 140 F.3d at 784. Grover asserts in his affidavit that it was Mackie who made sexual advances towards him and that he rebuffed her advances. Furthermore, Grover has filed a motion to dismiss Count I of Mackie's Complaint and he has asserted affirmative defenses to Counts II, III, and IV of the Complaint. The Court finds that Grover has asserted a "meritorious" defense sufficient to weigh against letting stand the default entered against him. *See id.*

■ The last factor the Court shall consider is the prejudice to the plaintiff if the default is set aside. "[P]rejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits." *Id.* at 785 (quoting *Swink v. City of Pagedale,* 810 F.2d 791, 792 n. 2 (8th Cir.1987)). "Setting aside a default must prejudice plaintiff in a more concrete way, such as 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" *Id.* (citing *Berthelsen v. Kane,* 907 F.2d 617, 621 (6th Cir. 1990)). In its October 2, 2003 Order, the Court held the issue of default judgment in abeyance until disposition of the case against the other defendants and stated that if Mackie loses on the merits against those defendants, then the Complaint would be dismissed against Grover and if Mackie prevailed, then judgment may be entered against Grover. The Court finds that regardless of whether Grover is allowed to

participate, the merits of this case will be heard and Grover is a likely witness. Moreover, this case is still in the early stages of litigation and no discovery has been conducted. Mackie has not identified any prejudice if the entry of default is set aside and the Court can find none. Therefore, this factor also suggests that the claims against Grover should be addressed on the merits.

In sum, the Court finds that Grover has satisfied the requirements for setting aside the default entered against him on October 2, 2003. This Court is particularly aware of the widely-recognized disfavor of defaults and the strong policy favoring the determination of a case on its merits. *See Johnson,* 140 F.3d at 783–84. The promptness with which Grover has attacked the entry of default suggests that he was, at most, "guilty of an oversight and wishes to defend the case on the merits." *Id.* at 784. Considering all the circumstances, the Court finds that the entry of default against Grover should be set aside.

Upon the foregoing,

IT IS ORDERED that Defendant Troy Grover's October 10, 2003 Motion to Set Aside Entry of Default (docket no. 13) is GRANTED.