# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2124

_____

Vicky Hagen; Colin L. Harris,      *
                                                *

           Appellee,              *

                                                *

       v.                     *   Appeal from the United States District
                                                *   Court for the District of South Dakota.

Sisseton-Wahpeton Community     *
College,                            *

                                                *

           Appellant.            *

_____

Submitted: October 22, 1999

Filed:  March 6, 2000

_____

Before WOLLMAN, ROSS and LOKEN, Circuit Judges.

_____

ROSS, Circuit Judge.

Sisseton-Wahpeton Community College (the College) appeals from a judgment entered by the district court in favor of Vicki Hagen and Colin L. Harris on their consolidated race discrimination cases.  Because we hold that the College was a tribal agency immune from suit, we reverse.

## BACKGROUND

In 1979, pursuant to its constitution, the Sisseton-Wahpeton Sioux Tribe (the Tribe) chartered the College as a nonprofit corporation to provide post-secondary

education to tribal members on the Lake Traverse Reservation.  The College's board of trustees is comprised of one enrolled member from each of the Tribe's seven districts.  In 1994, Hagen and Harris, non-Native Americans, entered into one-year contracts with the College.  After their contracts were not renewed, they filed race discrimination charges with the Equal Employment Opportunity Commission and the state human rights commission.  Both commissions dismissed the charges for lack of jurisdiction over Indian tribes.

Hagen and Harris then filed discrimination complaints in district court.  Although the College's president, Dr. John Derby, was served, the College did not answer the complaints.  In April 1997, appellees filed a "motion for a judgment by default."  In June 1997, the court granted the motion and referred the matter to a magistrate judge to hold a jury trial on damages.

On July 3, 1997, after the jury awarded damages but before judgment was entered, the College entered an appearance and filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1), raising subject matter jurisdiction and immunity arguments.  In March 1998, the district court denied relief, stating that a "Rule 60(b)(4) motion need not be granted because of a belated finding no jurisdiction existed."  The court also stated "[w]hether or not the College might have been immune from suit in this Court is not the issue."  In any event, the court stated it had reviewed the materials the College had submitted in support of its motion, but found that they did not show the College  was entitled to tribal sovereign immunity.  The court then referred the matter of fees and costs to the magistrate judge.

After the award of fees and costs, in June 1998, the College filed a motion to set aside the default under Fed. R. Civ. P. 55(c), again raising lack of subject matter jurisdiction and sovereign immunity arguments.   In February 1999, the district court

again denied relief, stating it was "too late" to consider the College's immunity argument.

## DISCUSSION

The College first argues that the district court erred in treating its Rule 12(b)(1) motion to dismiss as a Rule 60(b)(4) motion for relief from a judgment.   We agree. At the time the College filed the motion, judgment had not yet been entered.  As the College notes, Rule 12(h)(3) provides "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  In addition, the district court's order granting appellees' "motion for a judgment of default" was erroneous "because a default judgment cannot be entered until the amount of damages has been ascertained."  Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 97 (2d Cir. 1993).  Although in its March 1998 opinion, the court acknowledged at the time it granted the motion, it only had authority to enter an order of default, see Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998) ("entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)"), nonetheless throughout the opinion the court referred to its "order for default judgment" and imposed Rule 60(b)(4) standards for relief from a void judgment.[1]

Because the facts are undisputed, we address the College's argument that it is immune from suit.  Initially, we note in this circuit, "[s]overeign immunity is a jurisdictional question."  Rupp v. Omaha Indian Tribe, 45 F.3d 1241, 1244 (8th Cir. 1995); see also Brown v. United States, 151 F.3d 800, 804 (8th Cir. 1998) (since sovereign immunity is a jurisdictional issue court erred in treating Rule 12(b)(1) motion

------

[1]Although we question the court's authority to refer the case to the magistrate judge for a damages trial, see J. C. Henry v. Tri-Serv., Inc., 33 F.3d 931, 933 (8th Cir. 1994), because of our disposition of the case on immunity grounds, we need not address the issue or other issues the College raises on appeal.

as a Rule 12(b)(6) motion).  It is undisputed that an Indian tribe enjoys sovereign immunity.  See  Kiowa Tribe of Oklahoma v. Mfg. Tech., Inc., 523 U.S. 751, 754 (1998).  It is also undisputed that a tribe's sovereign immunity may extend to tribal agencies.  Dillon v. Yanton Sioux Tribe Housing Auth., 144 F.3d 581, 583 (8th Cir. 1998).

The College argues because it is chartered, funded, and controlled by the Tribe to provide education to tribal members on Indian land, it is a tribal agency.  The College relies on Dillon and Pink v. Modoc Indian Health Project, 157 F.3d 1185 (9th Cir.1998), cert. denied, 120 S. Ct. 185 (1999).  In Dillon, this court held that "'a housing authority, established by a tribal council pursuant to its powers of self-government, is a tribal agency.'"  144 F.3d at 583 (quoting Weeks Constr., Inc. v. Oglala Sioux Housing Auth., 797 F.2d 668, 670 (8th Cir. 1986)); cf. Duke v. Absentee Shawnee Tribe of Oklahoma Housing Auth., 1999 WL 1244478, at *1 (10th Cir. Dec. 20, 1999) ("housing authority's creation under state statute did not preclude characterization as a tribal organization"); EEOC v. Fond  du Lac Heavy Equip. & Constr. Co., 986 F.2d 246, 248 (8th Cir. 1993) (age discrimination act did not apply to a construction company wholly-owned and chartered by a tribe).  In Pink, the Ninth Circuit held that a nonprofit health corporation created and controlled by Indian tribes is entitled to tribal immunity, noting it "served as an arm of the sovereign tribes, acting as more than a mere business."  157 F.3d at 1188.  Likewise,  here the College serves as an arm of the tribe and not as a mere business and is thus entitled to tribal sovereign immunity.

Hagen and Harris argue that even if the College enjoys immunity, it waived immunity by failing to answer their complaints.  We disagree.  "In Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978), the United States Supreme Court reaffirmed its long-held view that, as it relates to tribes, 'a waiver of sovereign immunity cannot be implied but must be unequivocally expressed.'"  Dillon, 144 F.3d at 583; see also Rupp, 45 F.3d at 1245 ("'nothing short of an express and unequivocal waiver can defeat the

-4-

sovereign immunity of an Indian nation'") (quoting American Indian Agric. Credit Consortium, Inc. v. Standing Rock Sioux Tribe, 780 F.2d 1374, 1379 (8th Cir. 1985)). "Thus, a waiver of sovereign immunity cannot be implied from a . . . failure to appear." MCI Telecomm. Corp. v. Alhadhood, 82 F.3d 658, 662 (5th Cir.), cert. denied, 519 U.S. 1007 (1996); see also Pit River Home & Agric. Co-op. Ass'n v. United States, 30 F.3d 1088, 1100 (9th Cir. 1994) (tribal "Council's failure to appear specifically does not waive its sovereign immunity").

Contrary to appellees' suggestion, neither In re Prairie Island Dakota Sioux, 21 F.3d 302 (8th Cir. 1994) (per curiam) nor A-1 Contractors v. Strate, 76 F.3d 930 (8th Cir.1996) (en banc), aff'd, 520 U.S. 438 (1997), holds that sovereign immunity is an affirmative defense that unless raised in an answer is waived. In Prairie Island, this court likened sovereign immunity to an affirmative defense, but did so only in the context of explaining in dicta that while "sovereign immunity is jurisdictional in nature," unlike subject matter jurisdiction, immunity may be waived. 21 F.3d at 304. In Strate, we only mentioned that a party who had "initially raised the affirmative defense of sovereign immunity" later consented to suit. 76 F.3d at 933. Indeed, this court has held that because "[s]overeign immunity . . . is a jurisdictional threshold matter . . . [it] can be raised for the first time on appeal." Harmon Indus., Inc. v. Browner, 191 F.3d 894, 903 (8th Cir. 1999). In addition, we have indicated that the scope of a waiver of sovereign immunity is a jurisdictional issue. See Brown , 151 F.3d at 804.

We also reject appellees' argument that the College waived its immunity because of a "sue-and-be-sued" clause in the College's charter in effect at the time their contracts were not renewed. The charter provided that the College could "sue and be sued in its corporate name in a competent court to the extent allowed by law." It also provided that the Tribe gave its "consent to allowing the [College] to sue and be sued upon any contract" and "authorize[d] the [College] to waive any immunity from suit which it might otherwise have." Appellees acknowledge that in Dillon this court held that a similar clause did not waive immunity, but argue the case was wrongly decided.

-5-

In <u>Dillon</u>, this court distinguished <u>Weeks Constr., Inc.</u>, 797 F.2d at 670, which held that a sue-and-be-sued clause in a tribal ordinance waived immunity on the ground that in <u>Weeks</u> "an express waiver of sovereign immunity was found in a written contract," whereas in <u>Dillon</u> the tribal agency had "never explicitly waived its sovereign immunity through a written contract." <u>Dillon</u>, 144 F.3d at 583-84. Appellees not only assert that <u>Dillon</u> misread <u>Weeks</u>, noting in <u>Weeks</u> there was no mention of an explicit contractual waiver of immunity, but argue <u>Dillon</u> conflicts with <u>Rosebud Sioux Tribe v. A&P Steel, Inc.</u>, 874 F.2d 550, 552 (8th Cir. 1989). In <u>A&P Steel</u>, this court noted that "[o]ne method in which express waiver may be made is by virtue of a provision allowing the tribe 'to sue or be sued,' found in the tribe's corporate charter" and held that a tribe had "waived its sovereign immunity in such a fashion." <u>Id.</u> at 552.

The College argues that, except for <u>Dillon</u>, the cases are distinguishable. It is true that <u>Weeks</u> was a breach of contract case and in <u>A&P Steel</u> the immunity issue arose in the context of a contract counterclaim. Although we are inclined to believe the differences are immaterial and our cases are in conflict, <u>see also</u> <u>Rosebud Sioux Tribe v. Val-U Constr. Co. of South Dakota, Inc.</u>, 50 F.3d 560, 563 (8th Cir.) ("'sue and be sued clause' in the Tribe's corporate charter does not operate as a general waiver of the Tribe's immunity" from contract counterclaim), <u>cert. denied</u>, 516 U.S. 819 (1995), we need not resolve the issue. Even if there is a conflict, we would follow <u>Dillon</u>. We find compelling that <u>Dillon</u> is the only prior case squarely on point. In <u>Dillon</u>, as here, a non-Native American sued a tribal agency alleging his termination was on account of race discrimination in violation of several civil rights statutes.[2] 144 F.3d at 582.

---

[2]Nor did the College waive its immunity by executing a certificate of assurance with the Department of Health and Human Services in which it agreed to abide by Title VI of the Civil Rights Act of 1964. <u>See</u> <u>Dillon</u>, 144 F.3d at 584 (tribal agency's agreement with Department of Housing and Urban Development to abide by civil rights

Moreover, <u>Dillon</u> is consistent with the EEOC's dismissal for lack of jurisdiction. Thus, we hold that the district court erred in failing to grant the College's motion to dismiss.

Despite our holding, we note the College's failure to raise the motion earlier has resulted in delay, expense to appellees, and waste of judicial resources. Nonetheless, because "[s]overeign immunity . . . is a jurisdictional prerequisite which may be asserted at any stage of the proceedings, . . . [a] Court simply cannot ignore arguments, however belated, that call into doubt the Court's authority to exercise jurisdiction over [a] matter." <u>Resolution Trust Corp. v. Miramon</u>, 935 F. Supp. 838, 841 (E.D. La. 1996) (internal quotation omitted).

Accordingly, we reverse the judgment and remand with directions to dismiss the complaints.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

statutes did not waive immunity for discrimination suit by terminated employee).

-7-