# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3480

_____

Oglala Sioux Tribe,                        *
                                           *
            Appellant,                     *
                                           *   Appeal from the United States
      v.                                   *   District Court for the
                                           *   District of South Dakota.
C & W Enterprises, Inc.,                    *
                                           *
            Appellee.                      *

_____

Submitted:  March 14, 2007
    Filed:  June 11, 2007

_____

Before WOLLMAN, JOHN R. GIBSON, and MURPHY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

The Oglala Sioux Tribe (the tribe) filed this declaratory judgment action in federal district court. The district court[1] concluded that it lacked subject matter jurisdiction and dismissed the action without prejudice. The tribe appeals from this dismissal. We affirm.

_____

[1] The Honorable Karen E. Schreier, Chief Judge, United States District Court for the District of South Dakota.

## I.

The tribe's department of transportation entered into four road contracts with C&W Enterprises (C&W) . Three of these contracts contain arbitration clauses. The terms of the fourth contract, the "Base and Blotter Project" contract, require that disputes on that contract be resolved in tribal court. The tribe also granted C&W a lease that entitled C&W to mine gravel on tribal land. The gravel lease does not contain a dispute resolution provision.

After problems arose between the tribe and C&W, C&W filed an arbitration demand, seeking damages on all four contracts as well as damages pertaining to the gravel lease. Invoking tribal immunity, the tribe moved to dismiss the portion of C&W's claims relating to the Base and Blotter contract and the gravel lease.

Following the arbitrator's denial of the motions, the tribe filed this action in federal district court, asking that C&W be enjoined from pursuing arbitration on the Base and Blotter contract and the lease. The tribe also sought a declaratory judgment that the American Arbitration Association lacks jurisdiction over the lease and the Base and Blotter contract. The district court dismissed the action, concluding that it lacked subject matter jurisdiction because the parties were not diverse and the case did not arise under federal law.

## II.

"'Federal courts are courts of limited jurisdiction.'" Myers v. Richland County, 429 F.3d 740, 745 (8th Cir. 2005) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377(1994)). Because the parties are not diverse,[2] federal subject

---

[2]There is no diversity jurisdiction because Indian tribes are not considered foreign states or citizens of any state. Gaming World Int'l, Ltd. v. White Earth Band

matter jurisdiction must rest on the presence of a federal question. <u>Arbaugh v. Y&H Corp.</u>, 126 S. Ct. 1235, 1244 (2006). The tribe contends that the district court had federal question jurisdiction under 28 U.S.C. §§ 1331 and 1362 because the tribe's cause of action arises under federal law pertaining to tribal immunity.[3]

We will normally consider a claim to have arisen under federal law if a federal cause of action appears on the face a well-pleaded complaint. <u>Oklahoma Tax Commission v. Graham</u>, 489 U.S. 838, 840-41(1989). Under the well-pleaded complaint rule, the existence of a federal cause of action depends upon the plaintiff's claim rather than any defense that may be asserted by the defendant. <u>Id.</u> The existence of a tribal immunity defense, for example, will not convert a claim based on state law into a federal cause of action, even though tribal immunity is a matter of federal common law and even if it might potentially resolve the case. <u>Id.</u> at 841. As the Supreme Court held in <u>Graham</u>, which also involved tribal immunity, "it has long been settled that the existence of a federal immunity to the claims asserted does not convert a suit otherwise arising under state law into one which, in the statutory sense, arises under federal law." <u>Id.</u> (citing <u>Gully v. First Nat'l Bank</u>, 299 U.S. 109 (1936)).[4]

_____

of Chippewa Indians, 317 F.3d 840, 847 (8th Cir. 2003).

[3]Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 1362 provides that "[t]he district courts shall have original jurisdiction of all civil actions, brought by any Indian tribe or band with a governing body duly recognized by the Secretary of the Interior, wherein the matter in controversy arises under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1362.

[4]The tribe cites <u>Hagen v. Sisseton Wahpeton Community College</u>, 205 F.3d 1040 (8th Cir. 2000), for the proposition that sovereign immunity is not a defense within the contemplation of the rule enunciated by <u>Graham</u>. This is incorrect. <u>Hagen</u> merely holds that sovereign immunity is not an affirmative defense that is waived unless raised in an answer. <u>Id.</u> at 1043. Further, <u>Hagen</u> does not state, as the tribe suggests, that sovereign immunity "is a matter of subject matter jurisdiction." Rather,

The tribe's complaint arguably complies with the well-pleaded complaint rule insofar as its complaint alleges a violation of federal law. When courts review an action for declaratory judgment to ascertain the presence of a federal question, however, "there is an additional twist to the jurisdictional inquiry." Missouri ex rel. Missouri Highway Transp. Comm'n v. Cuffley, 112 F.3d 1332, 1335 (8th Cir. 1997). "Where the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court." Pub. Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 248 (1952). When a court inquires into the nature of the action, it "must examine the realistic position of the parties." Lawrence County v. South Dakota, 668 F.2d 27, 30 (8th Cir. 1982). In so doing, "[t]he court may realign the parties, if necessary, to determine whether the declaratory plaintiff affirmatively asserts a federal claim, or seeks in effect, to establish a defense against a cause of action which the declaratory defendant might assert in state court." Id.

Examining the realistic position of the parties, we conclude that the tribe is essentially seeking to interpose a federal defense against C&W's claims. Although the tribe contends that it is not asking for the district court to resolve the underlying contract dispute but merely to enjoin the arbitration, this is not a material distinction. Even if C&W could initiate an action in tribal court, as the tribe suggests, its current action would be extinguished by a declaratory judgment in the tribe's favor. Most important, however, is the fact that the tribe's declaratory judgment action is essentially reactive in nature. What this case is really about is C&W's claims, which are not based on federal law.

---

insofar as Hagen adverts to the topic of subject matter jurisdiction at all, it observes that we had previously stated that sovereign immunity is jurisdictional in nature but is not of the same character as subject matter jurisdiction. Id. (citing In re Prairie Island Dakota Sioux, 21 F.3d 302 (8th Cir. 1994) (per curiam)).

The judgment is affirmed.[5]

_____

---

[5]Because subject matter jurisdiction is lacking, we need not address the tribe's contention that it did not waive its tribal immunity.