FILED
United States Court of Appeals
Tenth Circuit

May 16, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RUSSELL W. CHAVEZ,

Plaintiff-Appellant,

v.

NAVAJO NATION TRIBAL COURTS;
NAVAJO NATION TRIBE; THOMAS
HOLGATE, District Court Judge, Navajo
Nation District Court; HERB YAZZIE,
Chief Justice Judge, Supreme Court of
Navajo Nation; E. SHIRLEY, Associate
Justice Judge, Supreme Court of Navajo
Nation; BEN SHELLY, JR., Navajo
Tribal President,

Defendants-Appellees.

No. 11-2203
(D.C. No. 1:11-CV-00601-LFG-KBM)
(D. N.M.)

### ORDER AND JUDGMENT[*]

Before **BRISCOE**, Chief Judge, **PORFILIO**, Senior Circuit Judge, and **MURPHY**, Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R App. P. 32.1 and 10th Cir. R. 32.1.

Russell W. Chavez is a member of the Navajo Nation, a federally recognized Indian Tribe. He filed in federal district court a pro se 42 U.S.C. § 1983 civil rights complaint against the Navajo Nation and various Tribal officials. Defendants moved to dismiss the case for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

The district court dismissed the case for lack of jurisdiction. The court held that Mr. Chavez's lawsuit against the Tribal officials could not be maintained in federal court under §1983 because all of his challenges to the Tribal officials' actions relied on Tribal law. *See Burrell v. Armijo*, 456 F.3d 1159, 1174 (10th Cir. 2006) ("A § 1983 action is unavailable for persons alleging deprivation of constitutional rights under color of tribal law, as opposed to state law." (internal quotation marks omitted)); *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 315 (1981) (observing that acting under color of state law is "a jurisdictional requisite for a § 1983 action"). Turning to the Tribe, the court held--after noting that Mr. Chavez failed to even address the Navajo Nation's sovereignty--that Congress had not authorized suit "against tribal entities pursuant to 42 U.S.C. § 1983." R. at 631. *See Nanomantube v. Kickapoo Tribe in Kan.*, 631 F.3d 1150, 1152 (10th Cir. 2011) ("[A]n Indian tribe is not subject to suit in a federal or state court unless the tribe's sovereign immunity has been either abrogated by Congress or waived by the tribe."); *E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1302-03 (10th Cir. 2001) (observing that tribal sovereign immunity "is a matter of subject matter jurisdiction"). Mr. Chavez appeals.

Our jurisdiction arises under 28 U.S.C. § 1291. We review the district court's dismissal de novo. *Nanomantube*, 631 F.3d at 1151. In so doing, we afford all of Mr. Chavez's pro se filings "a solicitous construction." *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

We have undertaken a thorough review of the parties' briefs, the record, and the applicable law and conclude that Mr. Chavez has not identified any reversible error in this case. We therefore AFFIRM the judgment of the district court for substantially the same reasons stated by the magistrate judge (sitting by the consent of the parties) in his September 14, 2011, memorandum opinion and order.

Entered for the Court


Mary Beck Briscoe
Chief Judge

- 3 -