**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 23, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SHERRIE SANDERS,

        Plaintiff - Appellant,

v.

BILL ANOATUBBY, Governor;
CHICKASAW NATION HOUSING
ADMINISTRATION; WAYNE
SCRIBNER, Secretary of Community
Service; RENEE SWEET, Executive
Officer of Housing Administration;
JACKIE WILLIAMS, Supervisor of
Housing Administration; TERRY DAVIS,
Housing Administration,

        Defendants – Appellees.

No. 15-6116
(D.C. No. 5: 15-CV-00089-M)
(D. W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.

---

[*] Oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). We have decided this case on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

Litigation is a disciplined process governed by rules and procedures. But Sherri Sanders recognizes no such bounds. Her filings amount to little more than a stream of consciousness recitation followed by an equally undisciplined request for relief. Her *pro se* status required the district court to afford her some leeway. But pro se litigants are required to follow procedural rules and no court may serve as their advocate. *See Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1024 (10th Cir. 2012); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Here the district judge stretched solicitude to its elastic limits, perhaps beyond. We also extend a solicitous eye, but one constrained by reason. In doing so, we affirm the dismissal of Sanders's complaint for want of subject matter jurisdiction and the denial of her motion to amend as futile.

## I. Background[1]

Sanders is a citizen of the Chickasaw Nation (Nation), a federally recognized Indian tribe. From sometime in 2009 to September 23, 2014, she was employed as a Housing Specialist in the Nation's Division of Housing (Division). While so employed, her supervisors and other employees allegedly treated her unfairly, called her names, made derogatory comments about her personal life, and failed to follow tribal policies

---

[1] Sanders's complaint contains no factual allegations. We glean the facts from her response to a motion to dismiss, which, as we explain, could be construed as a proposed amended complaint. Although we affirm the denial of her motion to amend her complaint, we do so on legal grounds—tribal sovereign immunity. Her allegations are not relevant to this conclusion and therefore we use them to provide context.

and procedures with respect to her employment.[2]  She also claims to have been wrongfully discharged because, contrary to tribal policy, she was not provided a statement of reasons for her termination.

During this same time frame, she filed applications for housing assistance with the Division.  Her applications indicated that her daughter and grandchildren would be living with her in the home, but they were processed as if she was the lone applicant, thereby relegating her to the lowest priority.[3]  She was told the applications were not being processed as a family application because her daughter was already receiving rental assistance.  But Sanders claims the real reason was retaliation for her having filed a grievance against the Executive Director and one of her supervisors.

Sanders complaint against the Division, Tribal Governor Bill Anoatubby[4], and

---

[2] In her response to the motion to dismiss, Sanders alleges (1) she received positive performance evaluations but no raise; (2) one of her supervisors referred to her as "Blondie" or "The Blonde"; (3) she was required to take additional training and was subjected to a day of observation because she incorrectly answered the telephone one time; (4) she was disciplined for not attending a required event even though her supervisors knew her car was being repaired; (5) her request to use the tribal car to attend the event was denied in favor of letting a male employee use the car; (6) when she was accused of not requesting time off in an appropriate manner and subjected to an informal counseling session with one of her supervisors as a result, the Division's Executive Director was also present at the meeting, contrary to the employee handbook; and (7) when she filed a grievance against one of her supervisors and the Executive Director, they were present at the conciliation meeting, contrary to the Nation's grievance policy which requires the meetings to be conducted by three disinterested employees.

[3] Highest priority is given to the applications of full-blooded Chickasaws; Sanders is only one-eighth Chickasaw.  Priority is then given to families, which is what Sanders sought by including her daughter and grandchildren on the application.  Lowest priority is given to single applicants.

[4] Despite naming Governor Anoatubby as a defendant, Sanders admits "[i]t was

(Continued . . .)

various tribal officers consisted of two conclusory paragraphs (quoted verbatim):

> 1.) Wrongful Termination, Abuse of Authority, Non-Compliance of Several Chickasaw Policies and Procedures, Hostile Work Environment, Did Not Allow Due Process, Denied Me My Individual Rights.

> 2.) Homeowner's Application Discrimination, Non-Compliance of NAHASDA (Native American Housing Assistance and Self-Determination Act of 1996), Improper Handling of Application Due to Retaliation From H.A. Superiors.

(R. at 5.) In the cover sheet accompanying her complaint, she listed Title VII as the basis of her complaint.

Defendants moved to dismiss under Fed. R. Civ. P. 12(b)(1) arguing, *inter alia*, the Division and the individual defendants were entitled to tribal sovereign immunity. In her response to the motion to dismiss, Sanders supplied, for the first time, factual allegations supporting her claims and a prayer for relief; solicitously regarded it might be considered an amended complaint.[5] She also asserted Title VI and the *Ex Parte Young*[6] doctrine as additional grounds for jurisdiction. She simultaneously moved to amend her complaint to add Title VI as a basis for jurisdiction over her housing application/NAHASDA claims and the *Ex Parte Young* doctrine as grounds for

---

never [her] desire to file a lawsuit against Gov. Anoatubby, since he has not been directly involved in the issues at hand . . . ." (R. at 33.) Instead, her intent was "to make sure that the Governor is made aware of discriminatory actions that are taking place within the Chickasaw Nation so that corrective actions may take place." (*Id.*)

[5] Even charitably regarded it does not pass muster under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). But we need not expound on its sufficiency as more fundamental problems serve as the basis for our decision.

[6] *See Ex Parte Young*, 209 U.S. 123 (1908).

jurisdiction over the individual defendants. But her motion to amend did not even attempt to explain how Title VI and *Ex Parte Young* avoided the tribal sovereign immunity defense. While she supplied no separate amended complaint labeled as such, the district judge seems to have treated her response to the motion to dismiss as a proposed amended complaint; so do we.

The district judge concluded Defendants were entitled to tribal sovereign immunity and neither Title VI nor the *Ex Parte Young* doctrine applied. She denied Sanders's request to amend the complaint because amendment would be futile.[7]

## II. Discussion

A dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) is reviewed de novo.[8] *See Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004). "We review the denial of a motion to amend for abuse of discretion." *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007). A judge "should freely give leave [to amend] when justice so requires," *see* Fed. R. Civ. P. 15(a)(2), but a motion to

---

[7] The judge's dismissal of the claims against the Division was with prejudice but the dismissal of those against the individual defendants was without prejudice because Defendants suggested Sanders may be entitled to relief under the tribal code and Sanders indicated she may wish to pursue her claims against the individual defendants in tribal court.

[8] "Rule 12(b)(1) motions generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003) (citation and quotations omitted). The motion in this case was a facial attack and therefore the judge accepted Sanders's factual allegations as true. *See Ingram v. Faruque*, 728 F.3d 1239, 1242 (10th Cir. 2013).

amend may be denied if amendment would be futile. *Anderson*, 499 F.3d at 1238. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Id.* (quotations omitted). When, as here, the denial of a motion to amend "is based on a determination that amendment would be futile, our review for abuse of discretion includes de novo review of the legal basis for the finding of futility." *Peterson v. Grisham*, 594 F.3d 723, 731 (10th Cir. 2010) (quotations omitted).

Because the Nation is considered a sovereign government, it is immune from suit absent congressional abrogation or a clear waiver by the Nation. *N. Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1281 (10th Cir. 2012); *see also Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751, 754 (1998). The Nation's sovereign immunity extends to its subdivisions*, Native Am. Distrib. v. Seneca-Cayuga Tobacco Co.*, 546 F.3d 1288, 1292 (10th Cir. 2008), as well as to its tribal officers "so long as they are acting within the scope of their official capacities." *See Crowe & Dunlevy*, *P.C. v. Stidham*, 640 F.3d 1140, 1154 (10th Cir. 2011). In other words, "tribal immunity protects tribal officials against claims in their official capacity." *Fletcher v. United States*, 116 F.3d 1315, 1324 (10th Cir. 1997). But "[a]n Indian tribe's sovereign immunity does not extend to an official when the official is acting as an individual or outside the scope of those powers that have been delegated to him." *Burrell v. Armijo*, 456 F.3d 1159, 1174 (10th Cir. 2006) (quotations omitted).

Sanders does not dispute that the Division and the tribal officer defendants are

entitled to tribal sovereign immunity.[9] And she asserts no explicit waiver of that immunity by the Nation. Instead, she argues Congress abrogated that immunity under Title VI (her housing application claims) and Title VII (her employment claims). She further argues the *Ex Parte Young* doctrine applies to her employment claims against the individual defendants, without clarifying their status (individual or official capacity).

"Congress did not abrogate tribal immunity with regard to Title VII. Quite the contrary; rather than expressing any intention to abrogate tribal immunity, Congress specifically exempted Indian tribes from the definition of 'employers' subject to Title

---

[9] The judge determined Sanders was suing the individual defendants in their official capacities because she included their positions in the caption of the complaint and had only made conclusory statements that they had acted outside the scope of their official tribal capacities. But the relevant inquiry is "whether the sovereign is the real, substantial party in interest" and "[t]his turns on the relief sought by the plaintiff[]." *Native Am. Distrib.*, 546 F.3d at 1296-97 (quotations omitted). "The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter. Where, however, the plaintiffs' suit seeks money damages from the officer in his individual capacity for unconstitutional or wrongful conduct fairly attributable to the officer himself, sovereign immunity does not bar the suit so long as the relief is sought not from the sovereign's treasury but from the officer personally." *Id.* (citation and quotations omitted). Sanders did not request any relief in her complaint; in her response to the motion to dismiss, she seeks (1) all references to "termination" in her employment record be expunged; (2) her supervisors be held accountable and punished for their actions; (3) the Chickasaw Nation establish an employee advocacy committee to assist in the grievance procedure; and (4) back pay totaling $1 million. None of the requested relief seeks damages from the individual defendants. And Sanders does not here quarrel with the judge's expressed conclusion that this is an official capacity suit. Indeed, she invoked the *Ex Parte Young* doctrine, which, as we will explain, allows a plaintiff to sue individual tribal officers in their <u>official capacities</u> if she alleges an ongoing violation of federal law and seeks prospective relief.

VII's requirements. *See* 42 U.S.C. § 2000e(b)."[10] *Nanomantube v. Kickapoo Tribe in Kan.*, 631 F.3d 1150, 1152 (10th Cir. 2011). Similarly, Title VI is of no help for her housing application/NAHASDA claims. It prohibits intentional discrimination of individuals based on their race, color, or national origin in programs and activities receiving federal funds (like the Nation's housing assistance program). *See* 42 U.S.C. § 2000d. But Congress, through NAHASDA, specifically exempted Indian tribes and their housing divisions from Title VI's reach. *See* 25 U.S.C. § 4131(b)(6) ("Title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.] . . . shall not apply to actions by federally recognized tribes and the tribally designated housing entities of those tribes under this chapter.").

The *Ex Parte Young* doctrine is also inapplicable. That doctrine carves out an exception to a state's Eleventh Amendment immunity, allowing a plaintiff to bring suit "against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012). *Ex Parte Young* is also an exception to tribal sovereign immunity. *Crowe & Dunlevy*, 640 F.3d at 1154-55.

Sanders's claims against the individual defendants do not allege an ongoing

---

[10] Although she has sued the individual defendants in their official capacities, *see supra* n.9, even had she named them in their individual capacities, Title VII would not provide her a cause of action against them. *See Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996) ("[P]ersonal capacity suits against individual supervisors are inappropriate under Title VII.").

violation of federal law.  Instead, they allege <u>past</u> violations of <u>tribal</u> policy and procedures.  Moreover, the relief Sanders requests—$1 million and other trivial relief (*see supra* n.9)—are not available remedies under *Ex Parte Young*; the doctrine is available only when a party seeks injunctive or declaratory relief.

Because Defendants are entitled to tribal sovereign immunity, the district judge correctly dismissed the complaint for lack of jurisdiction.  *See E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1302-03 (10th Cir. 2001) ("Tribal sovereign immunity is a matter of subject matter jurisdiction.").  And, because Sanders's proposed amended complaint (her response to the motion to dismiss) did not cure that deficiency, the judge properly denied the motion to amend the complaint as futile.

**AFFIRMED**.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge
